FILED

AUG 27 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellant,

v.

NAPOLEON FLORES-ARVIZU,

Defendant - Appellee.

No. 11-10061

D.C. No. 2:05-cr-00535-NVW-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Argued and Submitted May 16, 2012
San Francisco, California

Before: REINHARDT, CLIFTON, and N.R. SMITH, Circuit Judges.

The government appeals the district court's order dismissing without

prejudice an indictment charging Napoleon Flores-Arvizu ("Flores") with

attempted illegal reentry after deportation in violation of 8 U.S.C. § 1326. As the

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

parties are familiar with the facts, procedural history, and arguments, we will not recount them here. We affirm.

The problem posed by this case results primarily from acts of the government. Flores completed the term of incarceration to which he had been sentenced and was thereafter immediately deported. That meant that he could not be brought to court for resentencing, as a prior panel of this court subsequently ordered. But the government did not advise that panel of the circumstances, so that panel did not have reason to try to craft a different resolution for the case before it. The government said nothing to this court about the problem until two years had passed after issuance of the mandate, at which time this court declined to recall the mandate. In addition, the government has acknowledged that it has not offered Flores the opportunity to re-enter the country for the purpose of appearing at a resentencing hearing. It is agreed that resentencing cannot proceed without him.

Nonetheless, the government wants the district court to hold the criminal prosecution of Flores open on its docket indefinitely or, in the government's own words, "virtually in perpetuity," so that Flores can be resentenced if he is at some future date found within the United States. The reason for the request has nothing to do with this case, because there is no reason to expect that Flores would be resentenced in this case to a longer term that he has already served. Instead, the

2

government is concerned with the potential impact on any future sentence that might be imposed upon Flores if he is later found in this country and convicted of another unlawful reentry or another criminal offense. Specifically, the government argues that preservation of his conviction in the current case would trigger an enhancement and increase his criminal history score under the advisory sentencing guidelines for that hypothetical future sentencing.

But this concern is one of form more than substance. The sentencing guidelines are now advisory. S*ee United States v. Booker*, 543 U.S. 220 (2005). In the event Flores appears before another district court for sentencing in the future, that court would not be bound by the calculations that concern the government. Perhaps more to the point, the government would be able to relate this history to that future court, including the fact that Flores had been convicted of this prior offense, and that court would be able to give due consideration to Flores's actual history.

In these circumstances, it appears to us that the district court's practical resolution, which effects "economy of time and effort for itself, for counsel, and for litigants," should not be disturbed. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("every court" has the inherent power to "control the disposition of the

3

causes on its docket with economy of time and effort for itself, for counsel, and for litigants").

**AFFIRMED**.